**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GEORGE GIBBS,** | § | |
| **TDCJ No. 01208766,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-21-CA-0062-JKP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner George Gibbs's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental memorandum in support (ECF No. 2), Respondent Bobby Lumpkin's Answer (ECF No. 8), and Petitioner's Reply (ECF No. 14) thereto.   Petitioner challenges the constitutionality of his 2004 state court murder conviction, arguing the conviction violated his due process rights because it was based on unreliable expert testimony.   In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).   Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I.  **Background**

In January 2004, Petitioner was convicted of murder by a Frio County jury and sentenced to life imprisonment.  *State v. Gibbs*, No. 02-08-00090-CRF (218th Dist. Ct., Frio Cnty., Tex. Jan. 9, 2004); (ECF No. 9-7 at 70-72).   The Texas Fourth Court of Appeals affirmed his conviction on direct appeal.  *Gibbs v. State*, No. 04-04-00105-CR (Tex. App.—San Antonio, Jan. 5, 2005, no. pet.); (ECF No. 9-2).   Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.  (ECF No. 1 at 3).[1]

Instead, Petitioner waited until August 6, 2020, to challenge his conviction and sentence by filing a state habeas corpus application.  *Ex parte Gibbs*, No. 91,795-01 (Tex. Crim. App.); (ECF No. 9-22 at 19).   The Texas Court of Criminal Appeals denied the application without written order on October 28, 2020.  (ECF No. 9-17).   Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on January 12, 2021.  (ECF No. 1 at 10).

## II.  **Timeliness Analysis**

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d).   Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> * * *

---

[1]      *See also*  http://www.search.txcourts.gov, search for "Gibbs, George" last visited September 23, 2021.

>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner's conviction became final February 4, 2005, when the time for filing a PDR with the Texas Court of Criminal Appeals expired.  *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on Monday, February 6, 2006.[2]  As Petitioner did not file the instant federal petition until January 2021, it appears to be untimely by almost fifteen years.

Petitioner contends that the factual predicate of his claims could not have been discovered until the Texas Court of Criminal Appeals issued its opinion in *Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010).  In *Coble*, the Texas Court of Criminal Appeals concluded that the trial court erred in allowing the testimony of Dr. Richard Coons, a psychiatrist, regarding his prediction of Coble's potential for future danger, but that the error was harmless.  Petitioner now contends that his own conviction is unconstitutional because it is based almost entirely on the unreliable opinion of Dr. Coons regarding the issue of sanity, a claim Petitioner argues he could not have discovered until the issuance of the *Coble* opinion in October 2010.

Giving Petitioner the benefit of the doubt and assuming this to be true, the limitations period under § 2244(d) for filing a federal habeas petition still expired a year later in October

---

[2]    Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

2011.  Because Petitioner did not file his § 2254 petition until January 12, 2021, his petition is still barred by AEDPA's one-year statute of limitations by well over nine years unless it is subject to either statutory or equitable tolling.

## A.      Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered by October 2011—a year after the *Coble* opinion issued—through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Petitioner did eventually challenge the instant conviction and sentence by filing an application for state post-conviction relief in August 2020.  But as discussed previously, Petitioner's limitations period for filing a federal petition expired, at the latest, in October 2011, almost nine years prior to Petitioner's state habeas application.  Because the state habeas application was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Thus, the instant § 2254 petition, filed January 12, 2021, is still over nine years late.

B.    <u>**Equitable Tolling**</u>

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case.  In his petition and traverse, Petitioner argues (1) he has been under psychiatric care while incarcerated and was housed in a state hospital for the criminally insane until 2011, and (2) was not aware of the *Coble* opinion until 2020 when a fellow inmate offered to litigate this issue for him.  A claim of mental incapacity may indeed support equitable tolling if "the mental impairment precluded the prisoner from asserting his legal rights." *Fisher v. Johnson,* 174 F.3d 710, 715-716 (5th Cir. 1999).  However, to qualify for equitable tolling, the prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights in a timely manner.  *See Smith v. Johnson,* 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights); *see also Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (unpublished) (to warrant equitable tolling, a petitioner must (1) make a threshold showing of incompetence, and (2) show that this incompetence affected his ability to file a timely habeas petitioner) (citations omitted).

Here, Petitioner has neither made a threshold showing of incompetence or demonstrated a causal connection between his alleged mental illness and his failure to file a timely federal habeas petition.  Petitioner has provided nothing to corroborate his allegations of continuing mental illness, and this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).  Even assuming Petitioner was in a mental hospital as he asserts, Petitioner admits he was released from the state mental hospital by 2011.  Petitioner has provided this Court with no evidence that he continued to suffer from mental illness after this point, much less establish that he could not have asserted his legal rights until he obtained the assistance of another inmate some ten years later.

Furthermore, Petitioner is not entitled to the application of equitable tolling simply because he was unaware of the *Coble* opinion until he began receiving assistance from another inmate.  It is well established that a petitioner's lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).  Thus, Petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition.

Finally, Petitioner fails to demonstrate that he has been pursuing his rights diligently. The entirety of Petitioner's federal petition rests on the argument that the 2010 *Coble* opinion cast doubt on the reliability of the testimony given by Dr. Coons, yet Petitioner did not raise this allegation until August 2020 in his state habeas corpus application.  This delay alone warrants

the denial of equitable tolling, as such tolling is "not intended for those who sleep on their rights." *Manning*, 688 F.3d at 183.  Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by at least nine years.  Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief.  As such, a COA will not issue.

## IV.  <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED**, and Petitioner George Gibbs's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 23rd day of September, 2021.

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**